UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ANTONIO MCNEAL,

    Plaintiff,

v.                                     Case No. 3:24cv460-MW-HTC

ESCAMBIA COUNTY JAIL,

    Defendant.

_____/

REPORT AND RECOMMENDATION

On December 3, 2024, the Court granted Plaintiff Antonio McNeal's motion to proceed *in forma pauperis* and ordered him to pay an initial partial filing fee of $11.07 by December 24, 2024.[1]  Doc. 9.  After McNeal failed to comply with the December 3 Order within the allotted time, the Court issued an order on January 3, 2025, giving him fourteen days to show cause why this case should not be dismissed due to his failure to submit the initial partial filing fee.  Doc. 11.  McNeal filed a response to the January 3 Order, asserting he had "undergone financial changes" and lacked the funds to pay the $11.07 initial partial filing fee; he asked the Court to waive the initial partial filing fee or extend the time for him to pay it.  Doc. 12.

---

[1] The Court assessed the $11.07 fee based on the financial certificate McNeal submitted, which showed the average of the monthly deposits into his account for the preceding six months was $55.33.  Doc. 8.

On January 16, 2025, the Court advised McNeal it would not excuse him from the requirement that he pay the $11.07 initial partial filing fee unless he submitted an updated inmate account statement within fourteen days that confirmed he did not have the funds to pay the fee and had not received deposits into his account which he opted to spend on other things. Doc. 13. The January 16 Order warned McNeal that if he failed to either pay the $11.07 initial partial filing fee or submit the updated inmate account statement within the allotted time, this case would be dismissed due to his failure to comply with Court orders. Nevertheless, McNeal has neither paid the fee nor submitted the account statement. Based on the foregoing, dismissal of this case is appropriate. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.") (citations omitted); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under [Federal Rule of Civil Procedure 41(b)] for failure to prosecute or failure to obey a court order.") (citations omitted).

Accordingly, it is RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE due to McNeal's failure to comply with Court orders.

2. That the clerk close the file.

At Pensacola, Florida, this 10th day of February, 2025.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.